IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC LEMONTE FUNDERBURK,  *

  v.  * CIVIL ACTION NO. CCB-12-3688

DAVID BLUMBERG, et al.,  *
                                                    ***********

**<u>MEMORANDUM</u>**

On December 17, 2012, the court received Eric Lemonte Funderburk's petition for writ of habeas corpus. ECF. No. 1. Respondent has filed a response to the petition to which petitioner has replied.[1] ECF Nos. 7 & 8. For reasons to follow, the petition shall be denied and dismissed.

Petitioner is currently confined in the Baltimore City Detention Center pursuant to an arrest warrant issued by the Circuit Court for Baltimore City in December, 2011, in relation to criminal charges for alleged possession with intent to distribute CDS. He is also confined pursuant to a warrant issued by the Maryland Parole Commission in March, 2012, for alleged violations of the terms of a parole granted in November, 2008. ECF No. 7.

On May 29, 2007, petitioner was committed to the custody of the Commissioner of the Maryland Division of Corrections for six years, commencing on May 27, 2007, for possession of heroin. *Id*., Ex. 1. Petitioner was paroled from that sentence on November 5, 2008. *Id*., Ex. 2

On December 20, 2011, petitioner was charged in the Circuit Court for Baltimore City with possession with intent to distribute CDS and related charges. A warrant for his arrest and detention was issued. *Id*., Ex. 3. The court directed petitioner held without bail. *Id*., Exs. 4-6. Trial was set for April 3, 2013. *Id*., Ex. 5-6. A review of the Maryland Judiciary Case Search

---

[1] Petitioner has also filed a motion for default (ECF No. 6) which shall be denied. Respondents sought and were granted an extension of time to respond to the petition.

indicates that the trial was postponed. As of the within signature date a new trial date has not been set.[2]

On March 14, 2012, the Maryland Parole Commission issued a warrant for petitioner's arrest and detention because it had reasonable cause to believe petitioner had violated the conditions of his parole. *Id*., Ex. 7. A hearing on the alleged parole violations was scheduled for February 8, 2013 at the Jessup Correctional Institution, but was postponed because petitioner had been transferred to a different institution. *Id*., Ex. 8.

In the instant petition, not a model of clarity, petitioner references his pending charges, and alleges he has improperly been denied bail. He also alleges that the Circuit Court for Baltimore City has no jurisdiction over him because "he is not a United States citizen." ECF No. 1.

Petitioner has not yet stood trial on pending charges of narcotics violations. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973); *see also Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power"); *Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, petitioner must exhaust each claim presented

---

[2] S*ee* http://casesearch.courts.state.md.us/inquiry/

by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.[3] *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Because petitioner has failed to exhaust state court remedies, the petition shall be dismissed.

Petitioner is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[4] Should he wish to

---

[3] Petitioner may challenge the circuit court's bail determination by filing a petition for writ of habeas corpus in the state circuit court. *See* Md. Code Ann., Cts. & Jud. Proc. Art., §3-701 et seq; Md. Rules 15-301 et seq (2012).

[4] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

refile this petition once he has exhausted his available state court remedies, Petitioner should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.

April 15, 2013  _____/s/_____
Date  Catherine C. Blake
United States District Judge

---

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.